IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ALLEN MOSIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-CV-067-JED-FHM |
| ) | |
| JANET DOWLING, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On February 5, 2016, Petitioner, a *pro se* state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the $5.00 filing fee (Doc. 2). At the direction of the Court, he filed an amended petition on March 17, 2016 (Doc. 5). Respondent has filed a motion to dismiss the amended petition for Petitioner's failure to obtain leave to prosecute a second or successive habeas petition (Doc. 13).[1] For the reasons set forth below, the Court finds the amended petition must be dismissed.

## I. First Habeas Corpus Petition

Petitioner is attacking his conviction and life sentence for First Degree Murder in Mayes County District Court Case No. CRF-1980-41 (Doc. 1 at 1). The record shows that Petitioner filed a previous habeas corpus petition in this Court on July 12, 1982, in Case No. 82-C-676-B, challenging this same conviction (Doc. 14-1 at 2). Respondent asserts the file for Petitioner's earlier case cannot be located, but Petitioner listed the habeas claims from the first petition in his Appellant's Brief in Chief for his appeal to the Tenth Circuit in *Mosier v. Murphy*, No. 84-2106:

---

[1] The Court notes that Respondent's motion references Petitioner's original habeas petition in this action (Doc. 1). The Court, however, finds Respondent's arguments in the motion also are responsive to the amended petition (Doc. 5).

> A. The denial [of Petitioner's post-conviction application] was against the clear weight of the evidence. The plea bargain was not voluntary.
>
> B. The plea was the product of duress, coercion, threats, and intimidation, a violation of constitutional rights.
>
> C. Denied effective assistance of counsel due to a conflict of interest existing in my attorney at the time of plea.

(Doc. 14-2).

Petitioner's brief to the Tenth Circuit stated that District Judge Thomas R. Brett denied Petitioner's § 2254 petition on July 26, 1984 (Doc. 14-2 at 8). The Tenth Circuit affirmed the district court's denial in *Mosier v. Murphy*, 790 F.2d 62 (10th Cir. 1986) (Doc. 14-3), and the Supreme Court denied Petitioner's petition for writ of certiorari in Case No. 86-5134, 479 U.S. 988 (1986) (Doc. 14-4).

## II. Second and Successive Petition

In this current amended habeas petition, filed almost 30 years after the Tenth Circuit affirmed this Court's denial of the first habeas petition, Petitioner raises two grounds for habeas corpus relief:

> Ground I: DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY THE TRIAL COURT. Violation of 14th Amendment of Bill of Rights to U.S. Constitution and Article I, section 1, and Article II, section 7, of Constitution of Oklahoma. The trial court did not follow established State or Federal law in taking plea. I was never placed under oath before testifying.

(Doc. 5 at 4).

> Ground II: Trial Court failed to get an adequate factual basis for plea on October 28, 1980. Trial court asked if I effected the [victim's] death, did not ask how. Did not ask if I shot him.

(Doc. 5 at 6).

Petitioner's second and successive amended petition that now is before the Court is unauthorized, because he failed to seek authorization from the Tenth Circuit to file it, pursuant to

28 U.S.C. § 2244(b)(3)(A). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* Petitioner's failure to obtain authorization is undisputed, leaving only the question of whether to dismiss the petition or, "if it is in the interest of justice," transfer the amended petition to the Court of Appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006)).

Further, an applicant seeking authorization to file a second or successive application for writ of habeas corpus must meet the requirements of 28 U.S.C. § 2244(b)(2):

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

The Court finds that neither of the claims raised by Petitioner meets the requirements of 28 U.S.C. § 2244(b). Petitioner has not identified any new rule of constitutional law or alleged any new

factual predicates for his claims that could satisfy the requirements of § 2244(b)(2)(A) or (B) for a second or successive federal habeas review. Furthermore, as discussed below, the *Cline* factors weigh heavily against a transfer.

## A. Statute of Limitations

The first *Cline* factor weighs against a transfer, because Petitioner's claim clearly is barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Because petitioner's conviction and sentence became final before enactment of the AEDPA, he had until April 24, 1997, to initiate this habeas corpus action. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003); *Hoggro v. Boone*, 150 F. 3d 1223, 1226 (10th Cir. 1998). The

4

petition, however, was not filed until February 5, 2016 (Doc. 1).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Only a state post-conviction petition filed within the year allowed by the AEDPA can toll the statute of limitations. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Burger v. Scott*, 317 F.3d 1133, 1136-37 (10th Cir. 2003).

The docket sheet for Petitioner's conviction in Mayes County District Court Case No. CRF-1980-41 reveals that Petitioner had no post-conviction applications pending on April 27, 1997 (Doc. 14-8). Although he did litigate post-conviction applications in 1981-1982, 1987, 1998, and 2015 (Doc. 14-8), the Court finds he is not entitled to statutory tolling for actions that were filed after the one-year limitation period ended on April 27, 1997. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

The Court further finds that Petitioner has not identified any pertinent right that the Supreme Court has newly recognized. He cites the case of *Santobello v. New York*, 404 U.S. 257 (1971), which was decided before Petitioner entered his guilty plea and was sentenced in 1980.[2] Petitioner does not allege any State-induced impediments to his filing a timely habeas petition, and he has not asserted when the factual predicate of his claim could have been discovered through due diligence.[3]

---

[2] *Santobello* concerned the prosecution's failure to comply with its part of a plea bargain. In Petitioner's case, the State declined to seek the death penalty against Petitioner and dismissed charges against his wife and mother-in-law, pursuant to the plea agreement (Doc. 1-4 at 117-18, 121). Petitioner has not alleged the State failed to fulfill its duty under his plea bargain.

[3] Petitioner claims he did not discover the habeas claims in his amended petition until he received a copy of his plea transcripts from the National Archives (Doc. 17 at 2). The Court finds the content of the transcripts did not constitute "newly discovered evidence," because the transcripts have been available for decades. In addition, there is no indication that Petitioner exercised due

Petitioner's claims that he was not sworn and that the trial court failed to develop a factual basis were available at the time of his plea.

## B. Lack of Merit

The second *Cline* factor is whether Petitioner's claims are likely to have merit. It first must be noted that the claims have been defaulted in the state court under independent and adequate state law grounds. Even without the procedural bar prohibiting federal habeas review, Petitioner's claims are meritless. At most, his claims raise possible violations of state law which are not cognizable in federal habeas proceedings.

### 1. Procedural Bar

In its Order Affirming Denial of Application for Post-Conviction Relief, the Oklahoma Court of Criminal Appeals found both of Petitioner's claims--failure to be properly sworn before entering a plea and lack of a factual basis for the plea--were procedurally barred, because the claims could have been raised during the plea proceedings or through a direct appeal. *Mosier v. State*, No. PC-2015-647 (Okla. Crim. App. Nov. 18, 2015) (citing *Logan v. State*, 293 P.3d 969, 972 (Okla. Crim. App. 2013) and Okla. Stat. tit. 22, § 1086 (2011)) (Doc. 14-7).

Federal habeas petitioners may not obtain review of claims raised in a habeas petition "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)). The Tenth Circuit has upheld Okla. Stat. tit. 22, § 1086 of the Post-Conviction Procedure Act as an independent and adequate state ground for denying habeas relief. *Smith v. Workman*, 550

---

diligence in discovering the documents.

F.3d 1258, 1267 (10th Cir. 2008). Petitioner has not challenged the procedural bar of his claims or asserted cause and prejudice to overcome the bar. Failure to allege cause for the procedural default or prejudice, or to show that a fundamental miscarriage of justice will result if the claim is not reviewed, precludes federal habeas review. *Hawkins v. Mullin*, 291 F.3d 658, 671 n.5 (10th Cir. 2002); *Paxton v. Ward*, 199 F.3d 1197, 1206 (10th Cir. 1999).

The fundamental miscarriage of justice exception is narrow and applies only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). The Tenth Circuit has explained this "very narrow exception" as follows:

> To come within this "very narrow exception," the petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (citations omitted). Evidence that "is corroborating evidence, impeaching evidence, or evidence merely raising some suspicion or doubt of [a petitioner's] guilt" is not "persuasive evidence of 'actual innocence.'" *Stafford v. Saffle*, 34 F.3d 1557, 1561 (10th Cir. 1994), *cert. denied*, 514 U.S. 1099 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

The record shows that when the trial judge asked Petitioner whether he "did effect the death of one Billy Wayne Butler," Petitioner answered in the affirmative (Plea Tr. at 7; Doc. 14-6 at 11). Almost 30 years later, Petitioner now alleges in this habeas action that he was present at the murder, but he claims he did not actually shoot the victim (Doc. 17 at 3). Instead, he alleges he saw the actual shooter coming, but he did not try to stop the shooter or warn the victim (Doc. 17 at 3).

7

After careful review, the Court finds Petitioner has not demonstrated that a miscarriage of justice would result if he is prevented from proceeding on the merits by the procedural bar. He has presented nothing more than an unsupported, self-serving new version of the murder, and he has failed to make a colorable claim of actual innocence.

### 2. Alleged Unsworn Guilty Plea

Petitioner alleges in Ground I of the amended petition that his guilty plea was invalid, because he was not sworn to tell the truth at the time of the plea (Doc. 5 at 4). He, however, has provided no authority that supports his position. Respondent asserts there is no Oklahoma law stating that failure of a defendant to be sworn renders his plea invalid, and this Court has located no authority to support Petitioner's claim. The Court, however, finds that even if Petitioner's unsworn plea violated Oklahoma law, it cannot support federal habeas review:

> The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

*Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Furthermore, Tenth Circuit precedent provides that "the administering of the oath to a witness may be waived." *Wilcoxon v. United States*, 231 F.2d 384, 387 (10th Cir.), *cert. denied*, 351 U.S. 943 (1956). Petitioner has failed to show there is any merit in his Ground I claim.

### 3. Alleged Lack of Factual Basis in Plea Colloquy

Petitioner alleges in Ground II of the amended petition that his guilty plea was invalid, because the trial court did not establish a factual basis for the plea (Doc. 5 at 6). A plea of guilty

8

"waives all non-jurisdictional challenges to [a] conviction." *United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994) (citations omitted). "Having pleaded guilty, a defendant's only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea." *Id.* The absence of a state court record showing a factual basis for a plea is not an independent ground for invalidating the plea in a federal habeas proceeding. *Sena v. Romero*, 617 F.2d 579, 581 (10th Cir. 1994) (citing *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir.), *cert. denied*, 404 U.S. 1001 (1971)). This claim for habeas relief also is meritless.

### C. Lack of Good Faith

The third *Cline* factor also weighs against the transfer of Petitioner's amended petition to the Tenth Circuit. "[T]he second or successive authorization requirements are no longer new, and it is by now well-established that under the plain language of . . . § 2244(b)(3), prisoners must first obtain circuit-court authorization before filing a second or successive habeas claim in district court." *Cline*, 531 F.3d at 1252. Because Petitioner has not shown why he failed to file his petition in the circuit court, this Court finds Petitioner's amended petition for a writ of habeas corpus (Doc. 5) was not made in good faith. *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 n.16 (10th Cir. 2006)).

### III. Conclusion

Based on the reasoning set forth above, the Court finds it is not in the interest of justice to transfer Petitioner's amended petition under 28 U.S.C. § 1631. Therefore, Respondent's motion to dismiss (Doc. 13) is **granted**, and all other pending motions are **denied** as moot.

### IV. Certificate of Appealability

Rule 11(a), *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find this Court's application of AEDPA standards to the amended petition is debatable among jurists of reason. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). As for the claims denied on a procedural basis, Petitioner has failed to show that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. Therefore, a certificate of appealability is **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's amended petition for a writ of habeas corpus (Doc. 5) is **dismissed without prejudice** as a second or successive habeas corpus petition filed without prior authorization from the Tenth Circuit Court of Appeals.

2. All pending motions are **denied as moot**.

3. Petitioner is **denied** a certificate of appealability.

4. This is a final Order terminating this action.

SO ORDERED this 16th day of February, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE